### THIRD NAT. BANK v. UNITED STATES.

#### Civil Action No. 545.

District Court, M. D. Tennessee, Nashville Division.

Feb. 4, 1946.

Cecil Sims and J. O. Bass, both of Nashville, Tenn., for plaintiff.

A. O. Denning, Asst. U. S. Atty., of Nashville, Tenn., and Courtnay C. Hamilton, Sp. Atty., Department of Justice, of Washington, D. C., for defendant.

DAVIES, District Judge.

The cause was submitted upon the pleadings, evidence, exhibits, and argument of counsel for plaintiff and defendant, and, after due consideration thereof, the Court enters its Findings of Fact and Conclusions of Law, as follows:

#### Findings of Fact

1. The plaintiff seeks to recover from the defendant $1,261.80, with statutory interest thereon from August 23, 1944, as an alleged overpayment of inheritance tax made by the plaintiff as administrator of the estate of L. H. Brown, deceased, and involves 273 shares of the capital stock of Bell's Booteries, Inc., owned by him at the time of his death. Plaintiff contends that Mr. Brown had entered into a contract with the other stockholders which required, on the event of his death, the sale of his stock to the corporation at the price of $100 per share, which was done, and that the stock was worth not more than the amount thus received therefor by his estate. The defendant contends that the alleged contract was not binding upon the estate of Mr. Brown to sell the stock to the corporation at the price of $100 per share, and that in any event the stock was worth, at the time of Mr. Brown's death, at least $150 per share, the value determined by the Commissioner of Internal Revenue as a basis for the deficiency assessment.

2. The tax in question was regularly assessed, and, together with interest, was paid by the plaintiff on August 23, 1944. Claim for refund was filed with the Collector of Internal Revenue in December, 1944, and was duly rejected on or about the 20th day of February, 1945.

3. L. H. Brown died March 1, 1941, the owner of 273 shares of the capital stock of Bell's Booteries, Inc., a corporation that had for a number of years been engaged in the business of selling shoes at retail. It was a closed corporation, the other stockholders being John P. Bell, who owned 225 shares, and Rhue Roberts, who owned 2 shares of its capital stock. They, together with Mr. Brown, were the officers and directors of the corporation.

4. On March 10, 1936, a special meeting of the Board of Directors of Bell's Booteries, Inc., was held, when, as shown by an entry in the minutes of the corporation, the following proceedings were had:

"A special meeting of the Board of Directors of Bell's Booteries, Inc., was held at the main office, 504 Church Street, Nashville, Tennessee, at 1 o'clock P. M. March 10, 1936.

"L. H. Brown, Chairman, called the meeting to order. A roll call was made and a quorum was present, namely, L. H. Brown, John P. Bell and Rhue Roberts. L. H. Brown stated that the purpose of the meeting was that to date no provision had been made for the disposition of the stock of any of the stockholders in case of the death of any one of them.

"Upon motion by John P. Bell and seconded by Rhue Roberts and voted unanimous by the board it was agreed that in the case of the death of any stockholder that any of the remaining stockholders as individuals or the majority acting for Corporation must pay to the estate of the deceased $100.00 per share for all stock held by the stockholder deceased in Bell's Booteries, Inc. within 60 days unless other financial problems and settlements could not be made within this period but in no case should the time exceed 6 months from date of death. It was further agreed that the Corporation could pay or loan to the individual stockholder the proceeds paid to the Corporation from life insurance carried by the Corporation on the deceased for the payment of the shares.

"There being no further business the meeting adjourned."

This minute entry was written by Mr. Roberts and signed by him as secretary, by Mr. Brown as chairman, and by Mr. Bell as President. Each of them kept a signed copy.

5. Shortly after Mr. Brown's death, the plaintiff administrator sold to the corporation the 273 shares of stock owned by Mr. Brown at the time of his death for $27,300.

6. For about nine years between 1932 and 1942, Bell's Booteries, Inc., carried on its business of selling shoes as a leased department of Cain-Sloan Company, a large department store in the City of Nashville, Tennessee. It had no dealings with the public in its corporate name during that period. The corporation prior to March 1, 1941, had negotiated with Cain-Sloan Company for a renewal of its lease which was to expire nine months thereafter, but such negotiations had not been successful. By the death of Mr. Brown the corporation lost its executive head and most active figure since at the time of his death and for some years prior thereto he had been the manager of the corporation's business. The other two stockholders had been only casually active in the business, they being regularly employed in other work.

7. As shown by all the circumstances in the case, all the elements that enter into value, the examination of the assets and liabilities of the corporation, and the expectancy of the corporation and the book value of the stock, the price of $100 per share represented the actual cash market value of the 273 shares of stock owned by Mr. Brown at the time of his death on March 1, 1941.

### Conclusions of Law

1. The contract under consideration in this case, that is, the corporate minute entry of March 10, 1936, was drawn by laymen who were unfamiliar with legal terms and requirements, and who probably could not express their intentions in the most binding legal, technical language. From the contract it is apparent that it was the intention of all the parties to the contract that upon the death of any one of the three stockholders in question the corporation would be bound to purchase, and the deceased stockholder or his representative would be bound to sell to the corporation, the stock that was owned by that stockholder. However, any question upon that matter is immaterial because, so far as the proof in this case is concerned, the Court is satisfied that the price of $100 per share represented the actual cash market value of the stock in question as of March. 1, 1941.

2. The sum of $100 per share for which the stock in question was sold to the cor-

poration represented its fair actual market value as of March 1, 1941.

3. The plaintiff is entitled to judgment against the defendant in the amount of $1,261.80, plus interest at 6 per cent per annum from August 23, 1944.

Judgment will be entered accordingly.